■ CRAIG ROBINS et al., Appellants, v ADRIAN NOVECK, Also Known as ANDREW NOVECK and ANDY NOVECK, et al., Respondents, and RIVER TERRACE APARTMENTS, INC., Appellant. JOSEF FEILER et al., Third-Party Plaintiffs-Respondents, v "JOHN DOE", Third-Party Defendant-Respondent. — Judgment, Supreme Court, Bronx County (John H. Pennock, J.), entered July 12, 1983, which, *inter alia,* denied specific performance to plaintiffs Craig and Andrea Robins, is unanimously reversed, on the law and the facts, with costs, judgment vacated, specific performance granted in favor of the plaintiffs, and defendant Adrian Noveck is directed to sell to the plaintiffs his shares in the subject co-operative apartment. Prior to February 16, 1981, the plaintiffs Craig and Andrea Robins, as purchasers, and defendant Adrian Noveck, as seller, executed an undated handwritten memorandum, entitled: "Contract For the Purchase and Sale of a Co-operative Apartment". This memorandum relates to the purchase, for $31,662, of the defendant Noveck's shares in apartment 3L located at 2621 Palisades Avenue, Riverdale, New York. After a bench trial, Trial Term held that this agreement is not binding. We disagree. Despite its informality, we find that this memorandum is an enforceable contract as it contains all of the essential terms and conditions required to satisfy the Statute of Frauds (General Obligations Law, § 5-703, subd 2). Based upon our review of the record, we further find that the plaintiffs' conduct in carrying out their part of this contract entitles them to specific performance

(*Bowen v Horgan,* 259 NY 267, 269). Settle order providing for time and conditions of transfer. Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.